IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SAMUEL TYSON**                                                                       **PLAINTIFF**

VS.                                      CIVL ACTION NO: 3:13-cv-887-DCB-MTP

**QUALITY HOMES OF MCCOMB, INC.**
**FRESH START TRANSPORT, INC., AND**
**CAPPAERT MANUFACTURED HOUSING, INC.**                        **DEFENDANTS**

<u>ORDER DENYING DEFAULT JUDGMENT</u>

Currently before the Court are Plaintiff Tyson's Motion for Default Judgment Against Fresh Start Transport, Inc. **[docket entry 17]** and Motion for Default Judgment Against Quality Homes of McComb, Inc. **[docket entry 18]** pursuant to Federal Rule of Civil Procedure 55(b)(2). After reviewing the record in this case, the Court finds that the motions are premature.

Tyson filed suit on June 26, 2013. The summons was issued to Quality Homes of McComb, Inc., ("Quality Homes") Fresh Start Transport, Inc., ("Fresh Start") and Cappaert Manufactured Housing, Inc., ("Cappaert") on September 25, 2013.[1] Tyson personally served process on Robert A. Yawn, the registered agent for both Fresh Start and Quality Homes, on October 3, 2013, in a Burger King parking lot in Hammond, Louisiana. Both Fresh Start and Quality Homes failed to answer the Complaint within the twenty-one (21) days required by Federal Rule of Civil Procedure 12(a). Tyson filed these motions on February 5, 2014.

"Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment." *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 783 (E.D. Tex. 2006) (citing *New York Life Ins. Co. V. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). "Before obtaining a default judgment, a plaintiff must show . . . that the defendant is in default to obtain the clerk's entry of default." *Agho v. Bank of America, N.A.*, No. 3:12cv617-DPJ-FKB, 2014 WL 1747697, at *1 (S.D.

---

[1] Cappaert answered the Complaint on November 4, 2013 and is not subject to Tyson's motions.

1

Miss. May 1, 2014) (internal quotations omitted). Here, Tyson has attempted to combine steps two and three and has styled his motions: "Plaintiff's Request for Entry of Default and Default Judgment . . . ." It is only after a defendant's default has been entered by the clerk that the "plaintiff may apply for a judgment based on such default." *Brown*, 84 F.3d at 143; *see also Agho*, 2014 WL 1747697, at *1 ("Here, the Aghos . . . did not seek the clerk's entry of default. The motion [for default judgment] would be denied for this reason alone.").

Tyson attached to both motions a copy of the summons issued by the court, the proof of service, and an Affidavit in Support of Entry of Default. The Court finds that these documents sufficiently demonstrate the failure of both Quality Homes and Fresh Start to "plead or otherwise defend" in this case. *See* Fed. R. Civ. P. 55(a).

THEREFORE, IT IS HEREBY ORDERED that the Plaintiff's Motion for Entry of Default against Quality Homes of McComb, Inc., is GRANTED and the Clerk of Court is ordered to make an entry of default against Quality Homes.

FURTHER ORDERED that the Plaintiff's Motion for Entry of Default against Fresh Start Transport, Inc., is GRANTED and the Clerk of Court is ordered to make an entry of default against Fresh Start.

FURTHER ORDERED that the Plaintiff's Motion for Default Judgment against Quality Homes of McComb, Inc., is DENIED with leave to refile after the entry of default is made.

FURTHER ORDERED that the Plaintiff's Motion for Default Judgment against Fresh Start Transport, Inc., is DENIED with leave to refile after the entry of default is made.

SO ORDERED, this the 10th day of September 2014.

                                                /s/ David Bramlette
                                            United States District Judge