```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**SAMUEL TYSON**                                                      **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO: 3:13-cv-887-DCB-MTP**

**QUALITY HOMES OF MCCOMB, INC.;**
**FRESH START TRANSPORT, INC.; and**
**CAPPAERT MANUFACTERED HOUSING, INC.**                              **DEFENDANTS**

**<u>ORDER DENYING MOTION TO STRIKE AND EXCLUDE EXPERT TESTIMONY AND</u>**
**<u>DENYING MOTION TO EXCLUDE EXPERT TESTIMONY AND REPORTS AT TRIAL</u>**

This matter is before the Court on Defendant's, Cappaert Manufactured Housing, Inc., Motion to Strike Two Notices of Service of Designation of Experts and Exclude Expert Testimony **[docket entry no. 34]** and Motion to Exclude Expert Opinion Testimony and Expert Reports from Evidence at Trial **[docket entry no. 52]**. Having considered the motions and responses, the applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

Although the motions are styled differently, the relief ultimately sought by defendant Cappaert Manufactured Housing, Inc., ("Cappaert") is the same: the exclusion of plaintiff Samuel Tyson's experts. Therefore, the Court will dispose of both at once.

Cappaert complains that Tyson did not meet the expert designation deadline and did not submit sufficient expert reports. Tyson counters that any failure to meet the deadline was a result

1

of unforeseen circumstances and the experts have since been properly designated and their complete reports submitted. The unforeseen circumstances cited by Tyson are that his original expert is no longer able to testify at trial and Tyson had insufficient time to designate a replacement expert and submit his report.

It is within a district court's discretion to admit or exclude experts not properly designated. Brumfield v. Hollins, 551 F.3d 322, 330 (5th Cir. 2008). The district court is guided by four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Id. Assuming arguendo the experts were not properly designated, the factors weigh in favor of admission regardless. As to the first factor, the Court accepts the unforeseen circumstances described by Tyson. As to the second factor, Tyson stated he "would suffer extreme prejudice if this expert is excluded." See Mem. Opp. p. 4, ECF No. 66. As to the third factor, the Court cannot see any prejudice that would result to Cappaert because the expert has now been properly designated and the report submitted. Moreover, Cappaert sought and received permission to designate an expert out of time. As to the final factor, the Court finds a continuance unnecessary. Therefore, the Court will deny both of Cappaert's motions designed to exclude

Tyson's experts.

IT IS HEREBY ORDERED that defendant's Motion to Strike Notice of Service of Designation of Experts and Exclude Expert Testimony is DENIED.

FURTHER ORDERED that defendant's Motion to Exclude Expert Opinion Testimony and Expert Reports from Evidence at Trial is DENIED.

SO ORDERED this the 28th day of October 2014.

                                                /s/ David Bramlette
                                                UNITED STATES DISTRICT JUDGE