```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION
```

**SAMUEL TYSON**                                              **PLAINTIFF**

**VS.**                       **CIVIL ACTION NO: 3:13-cv-887-DCB-MTP**

**QUALITY HOMES OF MCCOMB, INC.**
**FRESH START TRANSPORT, INC., AND**
**CAPPAERT MANUFACTURED HOUSING, INC.**                       **DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART
### MOTIONS FOR DEFAULT JUDGMENTS

This cause is before the Court on Plaintiff's, Samuel Tyson, Motion for Default Judgment as to Fresh Start Transportation, Inc., **[docket entry no. 67]** and Motion for Default Judgment as to Quality Homes of McComb, Inc. **[docket entry no. 68]**. Having reviewed the motions and the record in this case, the Court finds as follows:

I. Factual and Procedural Background

In late June of 2012, Plaintiff Samuel Tyson entered into a contract with Defendant Quality Homes of McComb, Inc., ("Quality Homes") for the purchase of a new manufactured home. Tyson made a down payment of $60,000 and selected a 28' x 80' home on June 13, 2012, but he did not sign a contract that day. Shortly thereafter, however, Tyson found a used home through a private seller and requested a refund of his down payment. Quality Homes instead asked Tyson to select a different home, and on June 27, 2012, Tyson signed a contract with Quality Homes for the purchase of a home

1

different from the one he had originally selected. Quality Homes agreed then that the home would not be delivered until Tyson's lot was prepared.

The contract he signed was blank. It "contained only a stamped signature, and did not contain the serial number of the home Tyson selected." Compl. p. 3, ECF No. 1. Tyson alleges that he made his selection based on his disability because "he could easily climb the steps at the entrance to the home and he could easily utilize the bath tub." Compl. p. 3. At some later time not specified in the complaint, Quality Homes gave Tyson a second copy of the contract that contained the serial number of the home that was delivered and a notary stamp. See Compl. Ex. B., ECF No. 1-2.

On August 13, 2012, Defendant Fresh Start Transportation, Inc., ("Fresh Start") delivered and installed a home on Tyson's lot, at Quality Homes's direction. Tyson had informed Quality Homes the week before that his lot was still not prepared. Tyson was out of town the day the home was delivered and advised the defendants by telephone that he did not accept delivery of the home because the lot was still not prepared. Further, the home that was delivered was not the home that Tyson had selected, and it was damaged and in need of repair. Tyson attributes a number of the defects to the manufacturer, Defendant Cappaert Manufactured Homes, Inc. ("Cappaert").

Tyson filed suit on June 26, 2013. A summons was issued to

Quality Homes, Fresh Start, and Cappaert on September 25, 2013.[1] Tyson personally served process on Robert A. Yawn, the registered agent for both Fresh Start and Quality Homes, on October 3, 2013, in a Burger King parking lot in Hammond, Louisiana. Both Fresh Start and Quality Homes failed to answer the Complaint within the twenty-one (21) days required by Federal Rule of Civil Procedure 12(a). Tyson originally filed motions for default judgment on February 5, 2014. The Court, however, denied these motions as premature and directed the clerk's office to make an entry of default as to both defendants instead. See Order, ECF No. 48. An entry of default was made as to Fresh Start and Quality Homes on September 16, 2014. See Clerk's Entry of Default, ECF No. 49. Tyson renewed his motions for default judgment on October 7, 2014.

## II. Analysis

Federal Rule of Civil Procedure 55 governs default judgments. "Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment." Twist & Shout Music v. Longneck Xpress, N.P., 441 F. Supp. 2d 782, 783 (E.D. Tex. 2006) (citing New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996)). In step one, a defendant defaults when he "has failed to plead or otherwise defend" a suit against him. Fed. R. Civ. P. 55(a). In step two, a plaintiff demonstrates

---

[1] Cappaert answered the Complaint on November 4, 2013 and is not subject to Tyson's motions for default judgment.

3

that default "by affidavit or otherwise, [and] the clerk . . . enter[s] the [defendant]'s default." Id. The Court found in its previous order that both Fresh Start and Quality Homes had defaulted and that Tyson had shown their default. Having obtained the clerk's entry of default, Tyson continues to step three. In cases other than certain debt collection actions, a party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quoting Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996)). "Default judgments are a drastic remedy, not favored by the Federal Rules [of Civil Procedure] and resorted to by courts only in extreme situations." Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules[] are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver," and default judgment is only available "when the adversary process has been halted because of an essentially unresponsive party." Id. (internal quotation omitted).

But by defaulting, the defendant "admits the plaintiff's well-pleaded allegations of fact . . .," and if those facts entitle a plaintiff to relief, then the plaintiff is entitled to a default

4

judgment. Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered."). Thus, the Court will look at each of the counts in Tyson's complaint to see whether he is entitled to default judgment against either Quality Homes or Fresh Start.

### A. Count I: "Breach of Fiduciary Duties"[2]

The Court must first determine whether the facts establish a fiduciary relationship between Tyson and either Quality Homes or Fresh Start. Under Mississippi law, a fiduciary relationship may arise out of a contractual relationship in four circumstances:

> (1) the activities of the parties go beyond their operating on their own behalf, and the activities are for the benefit of both; (2) where the parties have a common interest and profit from the activities of the other; (3) where the parties repose trust in one another; and (4) where one party has dominion or control over the other.

Holland v. Peoples Bank & Trust Co., 3 So. 3d 94, 101 (Miss. 2008). The Court finds that the facts do not establish a fiduciary relationship between Tyson and either Quality Homes or Fresh Start, and, therefore, Tyson is not entitled to default judgment on this claim.

### B. Count II: "Breach of Contract"

In a claim for breach of contract in Mississippi, a plaintiff must prove: (1) the existence of a valid contract and (2) breach by

---

[2] The Court will use the same titles that Tyson gave to his separate counts for the subheadings in this order.

the defendant. Bus. Commc'ns, Inc. v. Banks, 90 So. 3d 1221, 1224-25 (Miss. 2012). Tyson has attached a document entitled "Bill of Sale and Purchase Agreement" to his complaint. See Compl. Ex. A, ECF No. 1-1. The Court accepts this as proof of the existence of a valid contract. It is signed by Tyson and a representative of Quality Homes. Having found a valid contract, the Court now turns to whether Quality Homes or Fresh Start, acting as Quality Homes's agent, breached the agreement. However, the contract as signed does not contain all of the terms of the agreement. Crucially, it does not contain a serial number for a home, and it does not contain the parties' agreement about delivery–that delivery would not occur until Tyson's lot was prepared. Because the serial number is missing from the written agreement, the Court finds that the parties did not intend it to "constitute a complete integration of the agreement between the parties" and that the parol evidence rule does not apply here. F. R. Hoar & Sons, Inc. v. McElroy Plumbing & Heating Co., 680 F.2d 1115, 1117 (5th Cir. 1982). Therefore, the Court accepts Tyson's evidence about the missing terms of the agreement.

Tyson avers two instances of breach: (1) that the wrong home was delivered and (2) that the home was delivered before his lot was prepared. Based on Tyson's evidence the Court finds that Fresh Start delivered the wrong home and at an inappropriate time under the terms of the contract. Therefore, Tyson is entitled to default

judgment on this claim.

### C. Count III: "Breach of Implied Covenants of Good Faith and Fair Dealing"

"Mississippi law recognizes an implied covenant of good faith and fair dealing in every contract." Baldwin v. Laurel Ford Lincoln-Mercury, Inc., 32 F. Supp. 2d 894, 898 (Miss. S.D. 1998) (citing Cenac v. Murry, 609 So. 2d 1257, 1272 (Miss. 1992)); Miss. Dep't of Envtl. Quality v. Pac. Chlorine, Inc., 100 So. 3d 432, 441 (Miss. 2012); Miss. Code Ann. § 75-1-304 (2010).[3] However, this duty arises only in the performance of a contract, not the negotiation of its terms. Baldwin, 32 F. Supp. 2d at 899; Miss. Code Ann. § 75-1-304 ("Every contract . . . imposes an obligation of good faith in its performance and enforcement."). Thus, to whatever extent Tyson alleges bad faith in the negotiation, he is not entitled to default judgment.

His claims, however, support default judgment on bad faith performance of the contract. "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with [the] justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." Cenac,

---

[3] Several Mississippi cases, including Cenac v. Murry, cite to Miss. Code Ann. Section 75-1-203 (1972) for statutory support for the implied covenants of good faith and fair dealing. In 2010, the Mississippi legislature moved this language to Miss. Code Ann. Section 75-1-304 (2010). Section 75-1-203 now distinguishes between leases and security interests.

609 So. 2d at 1272 (citing Restatement (Second) of Contracts § 205, 100 (1979)). In an en banc opinion, the Mississippi Supreme Court adopted the bad faith definition in Black's Law Dictionary. See Bailey v. Bailey, 724 So. 2d 335, 338 (Miss. 1998). Critical to the definition in Bailey is that bad faith requires a "state of mind affirmatively operating with furtive design or ill will" or "the conscious doing of a wrong because of dishonest purpose," not "an honest mistake . . . but . . . some interested or sinister motive." Id. (quoting Black's Law Dictionary 139 (6th ed. 1990)).

The Court finds that the delivery of the wrong home combined with the after-the-fact completion of the contract with the incorrect serial number violates the duty of good faith and fair dealing. See Cenac, 609 So. 2d at 1272 (quoting Farnsworth, Contracts, § 7.17, 536-27 (1982)) ("Some conduct, such as subterfuge and evasion, clearly violates the duty."). Quality Homes delivered the wrong home and attempted to conceal this fact by falsifying the original contract.[4] Therefore, Tyson is entitled to a default judgment on this claim against Quality Homes.

But Tyson has failed to demonstrate bad faith on the part of Fresh Start. Fresh Start delivered the home with knowledge that the lot was not yet prepared, but this does not demonstrate the

---

[4] It is irrelevant whether Quality Homes inserted the incorrect serial number before or after delivery of the wrong home. In either case, the same inference of concealment can be made.

requisite state of mind to find bad faith. Even though the facts establish that Fresh Start intentionally breached the contract, intentional breach is not equivalent to bad faith breach. Therefore, Tyson is not entitled to default judgment against Fresh Start on this claim.

D. Count IV: "Fraudulent Misrepresentation and/or Omission"

On a claim for fraudulent misrepresentation, a plaintiff must prove by clear and convincing evidence:

>     (1) a representation;
>     (2) its falsity;
>     (3) its materiality;
>     (4) the speaker's knowledge of its falsity;
>     (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated;
>     (6) the hearer's ignorance of its falsity;
>     (7) his reliance on its truth;
>     (8) his right to rely thereon; and
>     (9) his consequent and proximate injury.

Brothers v. Winstead, 129 So. 3d 906 (Miss. 2014) (quoting Holland, 3 So. 3d at 100). Looking to the admitted facts from the complaint, the Court cannot find evidence that the representation (which home would be delivered) was false at the time it was made or that Quality Homes had knowledge that the representation was false.[5] See Webb v. Braswell, 930 So. 2d 387, 396 (Miss. 2006) (affirming summary judgment where "there was no credible or relevant evidence . . . to indicate that the statements were false at the time [the

---

[5] The key difference between the analysis of the claim for fraud and the claim for bad faith is when the intent was formed. The timing of the concealment is irrelevant for bad faith, but it must be present from the beginning for the fraud claim to stand.

9

defendant] supposedly made them"). Therefore, Tyson is not entitled to default judgment against Quality Homes on this claim. Further, the Court finds that Tyson has failed to make a claim for fraudulent misrepresentation against Fresh Start. Tyson is not entitled to judgment against Fresh Start because there is no evidence that Fresh Start made any representation to Tyson.

E. Count V: "Negligent Misrepresentation and/or Omission"

On a claim for negligent misrepresentation, a plaintiff must prove by a preponderance of the evidence:

> (1) a misrepresentation or omission of a fact;
> (2) that the representation of omission is material or significant;
> (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities;
> (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and
> (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

Holland, 3 So. 3d at 101 (quoting Hazlehurst Lumber Co. v. Miss. Forestry Comm'n, 983 So. 2d 309, 313 (Miss. 2008)). The Court finds that Tyson has satisfied the elements of a claim for negligent misrepresentation on these facts. Therefore, he is entitled to default judgment against Quality Homes on this claim. The Court further finds that Tyson is not entitled to default judgment against Fresh Start on this claim for the same reason discussed above: the lack of a representation made by Fresh Start.

F. Count VI: "Unconscionability"

"An unconscionable contract 'is one such as no man in his senses and not under a delusion would make on the one hand, and as no honest and fair man would accept on the other.'" Smith v. Express Check Advance of Miss., LLC, — So. 3d —, —; No. 2013-CA-00369-SCT, 2014 WL 4923169, at *3 (Miss. Oct. 2, 2014) (quoting Terre Haute Cooperage v. Branscome, 35 So. 2d 537, 541 (Miss. 1948)). "Two strains of unconscionability are recognized—procedural and substantive." Caplin Enters., Inc. v. Arrington, 145 So. 3d 608, 614 (Miss. 2014) (citing E. Ford, Inc. v. Taylor, 826 So. 2d 709, 714 (Miss. 2002)). Tyson does not specify in his complaint whether the contract is substantively or procedurally unconscionable, so the Court will examine both.

A contract is procedurally unconscionable if one party can show: "(1) lack of knowledge; (2) lack of voluntariness; (3) inconspicuous print; (4) the use of complex, legalistic language; (5) disparity in sophistication or bargaining power of the parties; and/or (6) lack of opportunity to study the contract and inquire about the terms." Id. (citing MS Credit Ctr., Inc. v. Horton, 926 So. 2d 167, 177 (Miss. 2006)). The facts do not establish any of these factors.

A contract is substantively unconscionable if its terms "are so unreasonably favorable to one party that the contract imposes oppressive terms on the weaker party." Express Check Advance, — So. 3d at —; 2014 WL 4923169 at *4 (citing Covenant Health &

11

Rehabilitation of Picayune, LP v. Estate of Moulds ex rel. Braddock, 14 So. 3d 695, 699 (Miss. 2009)). Looking at the contract and the additional terms established by Tyson, the Court cannot find it so one sided as to "affront[] the sense of decency." See id. Even if the Court were to find that the terms were more favorable to Quality Homes, "the fact that one provision of a legal contract is more favorable to one party than to the other, does not ordinarily render it 'unconscionable.'" Terre Haute Cooperage, 35 So. 2d at 503 (internal quotation omitted).

The Court finds that the facts do not establish that the contract was unconscionable–either procedurally or substantively–and, therefore, Tyson is not entitled to default judgment on this claim against Quality Homes. The Court further finds that this claim was not made against Fresh Start because there was no contract between Tyson and Fresh Start.

### III. Order

IT IS HEREBY ORDERED that plaintiff's Motion for Default Judgment against Quality Homes of McComb, Inc., is GRANTED IN PART and DENIED IN PART.

FURTHER ORDERED that plaintiff's Motion for Default Judgment against Fresh Start Transportation, Inc., is GRANTED IN PART and DENIED IN PART.

FURTHER ORDERED that plaintiff's claim for breach of fiduciary duties is DENIED as to both motions.

FURTHER ORDERED that plaintiff's claim for breach of contract is GRANTED as to both motions.

FURTHER ORDERED that plaintiff's claim for breach of implied covenants of good faith and fair dealing is GRANTED as to the motion against Quality Homes of McComb, Inc., and DENIED as to the motion against Fresh Start Transportation, Inc.

FURTHER ORDERED that plaintiff's claim for fraudulent misrepresentation and/or omission is DENIED as to both motions.

FURTHER ORDERED that plaintiff's claim for negligent misrepresentation and/or omission is GRANTED as to the motion against Quality Homes of McComb, Inc., and DENIED as to the motion against Fresh Start Transportation, Inc.

FURTHER ORDERED that plaintiff's claim for unconscionability is DENIED as to both motions.

FURTHER ORDERED that the Court will hold a hearing to determine the amount of damages attributable to each claim under Federal Rule of Civil Procedure 55(b)(2)(B).

SO ORDERED this the 24th day of November 2014.

                                        /s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE