```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

**SAMUEL TYSON**                                                        **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO: 3:13-cv-887-DCB-MTP**

**QUALITY HOMES OF MCCOMB, INC., FRESH START**                          **DEFENDANT**
**TRANSPORT, INC., AND CAPPAERT MANUFACTURED**
**HOUSING, INC.**

### ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT

This cause is before the Court on the motion of Defendants, Quality Homes of McComb, Inc. and Fresh Start Transport, Inc., to set aside default judgment **[docket entry nos. 87,88]**. Having carefully considered the motions, the responses thereto, all applicable law, and being otherwise fully advised in the premises, the Court orders as follows:

### I. Facts and Procedural Background

On or about June 26, 2013, Plaintiff, Samuel Tyson, filed a complaint alleging that Defendants delivered the wrong mobile home to his property, and that the mobile home was damaged both due to manufacturer's defects and those that arose during its delivery. Summons was issued to Quality Homes of McComb, Inc., ("Quality Homes") Fresh Start Transport, Inc., ("Fresh Start") and Cappaert

Manufactured Housing, Inc., ("Cappaert") on September 25, 2013[1]. Tyson personally served process on Robert A. Yawn, the registered agent for both Fresh Start and Quality Homes, on October 3, 2013, in a Burger King parking lot in Hammond, Louisiana. Both Fresh Start and Quality Homes failed to answer the Complaint within the twenty-one days required by Federal Rule of Civil Procedure 12(a).

An entry of default was made as to Fresh Start and Quality Homes on September 14, 2014. See Clerk's Entry of Default, ECF No. 49. Tyson moved for default judgment on October 7, 2014. On November 24, 2014, Tyson's motions for default judgment were granted. See Order, ECF No. 71. Quality Homes filed an answer to Tyson's complaint on January 3, 2015. See Answer, ECF 77. A hearing was held on February 3, 2015 where evidence regarding damages and issues pertaining to the default judgment were presented. On March 5, 2015 Defendants moved to set aside default judgment pursuant to the Rule 55(c)[2] "good cause" provision and the "excusable neglect" exception pursuant to Rule 60(b).

## II. Analysis

A. Rule 55(c)

1. Parties' Arguments

The Defendants' argument relies on: (1) the general disfavor

---

[1] Cappaert answered the Complaint on November 4, 2013 and settled separately. See Agreed Order, ECF No. 85.

[2] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

of default judgments and the preference to settle disputes by trial on the merits; (2) that the default was not due to willful behavior on the part of Quality Homes and Fresh Start, noting that both defendants "diligently sought counsel after being served" Mot. Set Aside Default J. ¶ 20; (3) that no prejudice will be placed on Tyson by setting aside the default judgment; and (4) that Defendants can present a meritorious defense.

Conversely, Tyson denies that Defendants are entitled to any relief whatsoever. Resp. ¶ 27. Tyson argues that Defendants' default should not be set aside because their default is considered willful.

2. Standard

"The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). The Fifth Circuit Court of Appeals has identified three factors to consider in determining whether a default judgment should be set aside: (1) "whether the defendant was willful"; (2) "whether setting it aside would prejudice the adversary"; and (3) "whether a meritorious defense is presented." Murphy v. Simpson Dura-Vent Co., Inc., No. 5:07cv201, 2009 WL 458609, at *1 (S.D. Miss. Feb. 23, 2009) (quoting Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000)).  "Being mindful that default judgments are 'generally disfavored in the law', the court considers severally each of these factors." Id. (quoting Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168

(5th Cir. 1984)). However, "where there is a willful or intentional failure to respond, the inquiry ends, and the Court need not make any other findings in refusing a party's request to set aside a default." Block Corp v. Nunez, No. 1:08-CV-53, 2009 WL 198366, at *3 (N.D. Miss. Jan. 26, 2009), (citing In re Dierschke, 975 F.2d 181, 184 (5th Cir. 1992)).

    3. Court's Analysis

    The primary factor the Court must examine is whether the Defendants' default was willful. Although Defendants were unaware that their attorney's staff member erred by not filing an answer to the complaint, the fact that the Defendants' attorney and the Defendants neglected the issue for nearly two years after the complaint was filed and served against them, indicates a willful default. Furthermore, Defendants' attorney was instructed at the prove up hearing to provide some proof that the answer to Plaintiff's complaint was sent to the wrong address. This could be via email records or an affidavit stating that the staff member mistakenly filed the answer. The Court gave Defendants thirty days to produce such evidence, and they failed to do so.

    In a recent decision, the Fifth Circuit held that the defendant defaulted willfully when there was no evidence that the defendant made any effort to resolve the matter before the entry of default. See Wooten v. McDonald Transit Associates, Inc., No. 13-11035, 2015 WL 3622111, at *15, -- F.3d --, (5th Cir. June 10,

2015). The defendant argued that it rushed to court as soon as it learned the district court had entered a default judgment against it. Id. The Wooten court noted that "this late breaking diligence pales in comparison to the kind of post-service conduct that we have found to foreclose a finding of willfulness." Id. (citing Lacy v. Sitel Corp., 227 F.3d at 292-93, (5th Cir. 2000)(holding that the defendant's default was not willful when its counsel "made repeated contacts with [the plaintiff] in an attempt to resolve the suit")).

This Court finds that the Defendants' willfulness of default falls somewhere in between that of the defendants in Lacy and Wooten. Although the Defendants' counsel appeared at the evidentiary hearing and attempted to present a defense to the claims against them, "this late breaking diligence" is not enough to negate willfulness when "there [is] no evidence that the defendant made any effort to resolve the matter before the entry of default." Wooten, 2015 WL 3622111, at *15, -- F.3d --. Further, Defendants claim they have had "numerous communications" with Tyson that would present a meritorious defense by showing the mobile home which they delivered was the same mobile home that Tyson selected at Quality Homes, and that Tyson was satisfied with the repairs made to the home. Mot. Set Aside Default J. ¶¶ 21-22. However, according to the ruling in Lacy, these "communications" must have been made "in an attempt to resolve the suit" in order to show that

5

the Defendants default was not willful. <u>Lacy</u>, 227 F.3d at 292-93. Although there were communications between Defendants and Tyson prior to when default judgment was entered against Defendants, because the communications were not made in attempt to resolve the suit and avoid a default judgment the Court finds that default by the Defendants was willful.

"A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" <u>Id.</u> (quoting <u>Dierschke</u>, 975 F.2d at 184). Thus, the Court need not complete the "good cause" analysis and may deny the Defendants' motion because the default was willful.

   B. Rule 60(b)

   1. Parties' Arguments

   Defendants argue that: (1) it was the counsel's firm that was not diligent in supervising its support staff, and that Quality Homes or Fresh Start should not be prejudiced by the actions or inactions of counsel and his staff; and (2) they sought counsel in a timely manner and "pursued the matter from that point forward," and that the facts and circumstances certainly fall under the excusable neglect exception. Mot. Set Aside Default J. ¶ 29.

   Tyson argues: (1)[]that, along with Defendants' attorney, the Defendants should also be reasonably expected to make an inquiry regarding the progress of a pending lawsuit at a time when they

have heard nothing from their attorney, the court, or opposing counsel for a period of nearly two years; (2) that the Defendants can make no meritorious defense; (3) that if any prejudice is to inure from the result of these proceedings it should inure to the Plaintiff who has already taken all necessary steps to litigate this case to finality, and the Defendants' choice not to participate in the litigation should not prejudice the Plaintiff; and (4) that the defendants are no less culpable than their attorney. Resp. ¶¶ 20,14,30, 23.

    2. Standard

    Rule 60(b)(1) provides relief from a default judgment that results from mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) is understood to encompass situations in which the movant's failure to respond is attributable to his own negligence. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993). Because Congress provided no guideposts for determining what categories of neglect are excusable, the Pioneer court emphasized an equitable inquiry "taking account of all relevant circumstances surrounding the party's omission." Id. Although the concept of excusable neglect is "somewhat elastic," it generally excludes gross carelessness, ignorance of the rules, or ignorance of the law. Id. Additionally, courts generally look at three factors in ruling on a motion to set aside a default judgment under Rule 60(b)(1): (1) the extent of

7

prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct. Hibernia National Bank v. Administracion Central Sociedad Anonomia, 776 F.2d 1277, 1280 (5th Cir. 1985). "The defendant has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful." Wooten, 2015 WL 3622111, at *14, -- F.3d -- (citing In re Chinese Manufactured Drywall Prods. Liab. Litig., 742 F.3d 576, 594 (5th Cir. 2014)).

3. Court's Analysis

The Court finds that neither the Defendants nor their attorney inquired about the pending lawsuit for a term of nearly two years. Additionally, on February 3, 2015, this Court granted Defendants thirty more days to produce evidence showing that their behavior was "excusable neglect." Defendants have failed to do so. This Court agrees with Tyson that a reasonable person would or should have inquired about the status of a pending lawsuit against them after a period of nearly two years.

In conclusion, the Defendants and/or their attorney had the opportunity as well as the responsibility to inquire about this lawsuit, but neglectfully failed to do so. No evidence of "excusable neglect" has been provided after a thirty day period was granted to do so. "Gross carelessness" is generally excluded from the "excusable neglect" exception, and shall be here. For the above reasoning, the Court finds that the Defendants' default does not

fall under the Rule 60(b) exception.

Furthermore, as determined above, this default is believed to have been willful by the Defendants. Therefore, no further inquiry as to denying the motion to set aside the default judgment is needed. However, the Rule 60(b) "excusable neglect" analysis confirms the Court's findings that Defendants' Motion to Set Side Default Judgment should be denied.

### III. Order

IT IS HEREBY ORDERED that Defendant Quality Homes of McComb, Inc.'s Motion to Set Aside Default Judgment under Rule 55(c) or Rule 60(b) is DENIED.

IT IS FURTHER ORDERED that Defendant Fresh Start Transport, Inc.'s Motion to Set Aside Default Judgment under Rule 55(c) or Rule 60(b) is DENIED.

SO ORDERED on this the 16th day of June 2015.

                                        /s/ David Bramlette
                                 UNITED STATES DISTRICT JUDGE