```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        NORTHERN DIVISION
```

SAMUEL TYSON                                              PLAINTIFF

VS.                         CIVIL ACTION NO. 3:13-cv-887(DCB)(MTP)

QUALITY HOMES OF McCOMB, INC.,
and FRESH START TRANSPORT, INC.                          DEFENDANTS

<u>ORDER</u>

This cause is before the Court <u>sua sponte</u> in order to address this Court's subject matter jurisdiction. The parties may not confer subject matter jurisdiction by agreement or consent where such jurisdiction is lacking. <u>Renneisen v. American Airlines, Inc.</u>, 990 F.2d 918, 922 (7th Cir.), <u>cert</u>. <u>denied</u>, 510 U.S. 914 (1993).

The plaintiff's Complaint purportedly relies on the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 <u>et seq</u>., to invoke this Court's jurisdiction. However, the Complaint does not appear to contain adequate allegations of the plaintiff's jurisdictional basis for his lawsuit. A federal district court is not bound by the parties' characterization of a case, and is authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." <u>Lyon v. Centimark Corp.</u>, 805 F.Supp. 333, 334-35 (E.D. N.C. 1992). Furthermore, if no federal question jurisdiction exists, there is no basis for finding supplemental or pendant jurisdiction over the plaintiff's state law claims.

Although the plaintiff claims on page 2 of his Complaint that he is asserting federal jurisdiction through the MMWA, he does not allege any warranties that would invoke MMWA jurisdiction. The Complaint consists solely of state law claims: (1) breach of fiduciary duties, (2) breach of contract, (3) breach of implied covenants of good faith and fair dealing, (4) fraudulent misrepresentation and/or omission, (5) negligent misrepresentation and/or omission, and (6) unconscionability, none of which mention a warranty.

The Court granted default judgment against defendants Quality Homes of McComb, Inc. ("Quality Homes") and Fresh Start Transport, Inc. ("Fresh Start") on November 24, 2014. The motion was granted against Quality Homes on the plaintiff's state law claims for breach of contract, breach of implied covenants of good faith and fair dealing, and negligent misrepresentation and/or omission. The motion was granted against Fresh Start on the plaintiff's state law claim for breach of contract. The plaintiff did not seek default judgment on the MMWA claim, and did not otherwise assert the MMWA as the basis for jurisdiction.

On January 30, 2015, Quality Homes filed an "Answer" to the plaintiff's Complaint. Notwithstanding the fact that the Answer is untimely, Quality Homes does deny that this Court has jurisdiction under the MMWA. Answer, p. 2. In addition, on March 5, 2015, Quality Homes and Fresh Start filed a Motion to Set Aside Default

Judgment, in which they assert that the default judgment "should be vacated and set aside for [the] good cause provisions of FRCP 55(c) and the inadvertence, excusable neglect <u>and any other reason to justify relief</u> under FRCP 60(b)."  Motion to Set Aside Default Judgment, ¶ 19 (emphasis added).  Rule 60(b)(4) provides for relief from a void judgment.  Fed.R.Civ.P. 60(b)(4).

The defendants' failure to answer the complaint cannot waive the jurisdictional requirement.  <u>Forsythe v. Saudi Arabian Airlines Corp.</u>, 885 F.2d 285, 288 n.6 (5th Cir. 1989).  A judgment by default may be granted "only for such relief as may lawfully be granted upon the well-pleaded facts of the complaint."  <u>Taulton v. Wright</u>, 1995 WL 853119, at *2 (N.D. Ill. Aug. 2, 1995).  An entry of default does not preclude the Court from examining the sufficiency of the facts alleged in the complaint.  <u>Black v. Lane</u>, 22 F.3d 1395, 1399 (7th Cir. 1994); C. Wright, A. Miller, M. Kane & R. Marcus, <u>10A Federal Practice and Procedure § 2688</u> ("[E]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action ....").

Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute or the Constitution, they lack power to adjudicate claims.  <u>Coury v. Prot</u>, 85 F.3d 244, 248 (5th Cir. 1996).  Dismissal for lack of subject matter jurisdiction is proper "when the court lacks the statutory or constitutional power to adjudicate the case."  <u>Home Builders Ass'n of Miss., Inc. v.</u>

City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2nd Cir. 1996)). Because diversity jurisdiction does not exist in this case, subject matter jurisdiction hinges solely on the plaintiff's MMWA claim. The burden "of establishing federal jurisdiction rests on the party seeking the federal forum." Stafford v. Mobil Oil Corp., 945 F.2d 803, 804 (5th Cir. 1991). Therefore, since this case was filed in federal court by the plaintiff, the plaintiff has the burden of demonstrating that MMWA jurisdiction is proper.

Based on the foregoing, the Court shall sua sponte order briefing of the jurisdictional issue.

Accordingly,

IT IS HEREBY ORDERED that defendants Quality Homes and Fresh Start shall file a memorandum brief within twenty days from the date of entry of this Order;

FURTHER ORDERED that the plaintiff shall file a responsive brief within fourteen days from service of the defendants' brief;

FURTHER ORDERED that any rebuttal brief shall be filed within seven days from service of the responsive brief.

SO ORDERED, this the 15th day of December, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

4